UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES SCHARKEY,

                Petitioner,

     -against-

S. BENNETT, Superintendent, Sullivan Correctional Facility,

                Respondent.

1:24-CV-1229 (VSB)

TRANSFER ORDER

VERNON S. BRODERICK, United States District Judge:

      Petitioner, currently incarcerated in the Sullivan Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2254, challenging the sentence imposed as a result of his February 25, 2015 conviction in the New York Supreme Court, New York County.[1] For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

      The court's records show that Petitioner (under the name "Sharkey James") filed a previous Section 2254 action in this court, challenging the same conviction and sentence, and that the court denied his amended petition in that action on the merits. *See James v. Keyser*, No. 1:20-CV-3468 (JPC) (SDA), 2021 WL 9882800 (S.D.N.Y. Dec. 6, 2021), *report & recommendation adopted*, 2023 WL 137681 (S.D.N.Y. Jan. 9, 2023), *appeal dismissed*, No. 23-180, 2023 WL 5006746 (2d Cir. June 12, 2023). Because Petitioner's previous Section 2254 amended petition was denied on the merits, the present Section 2254 petition is a second or successive petition. *See, e.g.*, *Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002).

      Before a second or successive Section 2254 petition can be filed in a federal district court, authorization from the appropriate court of appeals is required. *See* 28 U.S.C.

---

[1] Petitioner paid the filing fee to bring the present *habeas corpus* action.

§ 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue the present Section 2254 petition.[2]

## CONCLUSION

In the interest of justice, for the reasons discussed above, the Court transfers the present action to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). This order closes this action in this court. If the Court of Appeals authorizes Petitioner to proceed in this matter, Petitioner must move to reopen this action under this action's district-court civil docket number.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 26, 2024
New York, New York

*[signature: Vernon Broderick]*
VERNON S. BRODERICK
United States District Judge

---

[2] Any motion to the Court of Appeals must show that: (A) the claim being raised by the present petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2244(b)(2)(A), or:

(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

§ 2244(b)(2)(B)(i)-(ii).